# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:23-cv-00298-KDB

| | |
|---|---|
| GRANT PAUL DALTON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| QUENTIN MILLER, et al., ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Grant Paul Dalton ("Plaintiff") is currently detained at the Buncombe County Detention Center (the "Jail") in Asheville, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on October 18, 2023, against Defendants Quentin Miller, the Buncombe County Sheriff, Major Alex Allman, Captain Vivian Bacote, and Lieutenant Darwin Williams. [Doc. 1]. He sues the Defendants in their official capacities only. [Id. at 2]. Plaintiff appears to allege as follows.

On November 9, 2022, Defendant Miller "refused to honor law(s)" and facilitated malicious prosecution. [Id. at 5]. On November 9, 2021, Defendant Allman took and never returned Plaintiff's "defense case file" and denied Plaintiff law library access. [Id.]. From August 26, 2020 to the present, Defendants Bacote and Williams "continually denied legal calling, and

law-library."[1]  [Id.].  Plaintiff attached various grievance records to his Complaint.  [See Doc. 1-1].  In these grievances, which are dated from June 16, 2023, to August 22, 2023, Plaintiff asks for access to a law library and "legal calling."  [See id.].  In one grievance, Plaintiff complains that he has "made it very clear since 8/25/2020" that he needs to file a report with the Asheville Police Department as the victim of a crime.  [Id. at 16, 19].  Plaintiff was advised that he "may not file a police report while … in custody."  [Id. at 20].

Plaintiff claims Defendants violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution; Article 1, Sections 14, 15, 17 to 24, 27, 35, and 37 of the North Carolina State Constitution; and numerous North Carolina statutes.  [Doc. 1 at 3].  For injuries, Plaintiff claims various physical injuries suffered in August of 2020 and 2021 and that his "ability to reasonably present and prepare pro se legal defense" was "obstructed" on August 27, 2020.  [Id. at 5].  Plaintiff seeks monetary and injunctive relief and "case dismissal."  [Id.].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

---

[1] On August 30, 2023, the Honorable United States District Judge Martin Reidinger denied and dismissed Plaintiff's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 in which Plaintiff challenged various aspects of his pending state criminal proceeding and sought immediate release and dismissal of the state charges.  [Civil Case No. 1:23-cv-00039-MR, Doc. 21].

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023). While Plaintiff claims his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were violated, he fails to allege how he contends these rights were violated. Even giving Plaintiff the benefit of every reasonable inference, his Complaint fails initial review for several reasons.

To begin, Plaintiff's allegations are so vague, disjointed, and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Plaintiff's Complaint is subject to dismissal on this ground.

3

Next, Plaintiff sues Defendants in their official capacities only. Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38). Here, Plaintiff does not allege that any official policy was the moving force behind any constitutional injury. [See Doc. 1]. Plaintiff, therefore, has failed to state an official capacity claim against any Defendant and his claims will be dismissed.

Even if Plaintiff had sued Defendants in their individual capacities, he nonetheless would have failed to state a claim for relief. Although not alleged by Plaintiff, his allegations, at best, implicate a First Amendment claim based on denial of access to the Courts. The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges

to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Here, Plaintiff claims that Defendant Allman took and "never returned" his defense case file, presumably related to Plaintiff's pending state criminal charges. Plaintiff, however, fails to allege any actual injury from the alleged denial of his case file. This claim, therefore, would have failed had Plaintiff named Defendants in their individual capacities in this matter. Plaintiff also alleges that Defendants Bacote and Williams denied Plaintiff access to "legal calling" and the law library, presumably preventing Plaintiff from filing a police report as the victim of a crime. As noted, the right of access to the courts only requires that prisoners are not prevented from bringing challenges to their sentences or the conditions of their confinement. See Lewis, 518 U.S. at 356-57. As such, this claim would also fail.

To the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed without prejudice.

5

## IV.    CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted and Plaintiff's Complaint will be dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses and if the facts support such amendment.  Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED**.

Signed: December 6, 2023

Kenneth D. Bell
United States District Judge