UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00298-KDB

| | | |
|---|---|---|
| GRANT PAUL DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| QUENTIN MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 9], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.  BACKGROUND**

Pro se Plaintiff Grant Paul Dalton ("Plaintiff") is currently detained at the Buncombe County Detention Center (the "Jail") in Asheville, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on October 18, 2023, against Defendants Quentin Miller, the Buncombe County Sheriff, Major Alex Allman, Captain Vivian Bacote, and Lieutenant Darwin Williams. [Doc. 1]. He sues the Defendants in their official capacities only. [Id. at 2].

Plaintiff alleged as follows. On November 9, 2022, Defendant Miller "refused to honor law(s)" and facilitated malicious prosecution. [Id. at 5]. On November 9, 2021, Defendant Allman took and never returned Plaintiff's "defense case file" and denied Plaintiff law library access. [Id.]. From August 26, 2020 to the present, Defendants Bacote and Williams "continually denied legal calling, and law-library." [Id.]. Plaintiff attached various grievance records to his Complaint in which he asks for access to a law library and "legal calling." [See Doc. 1-1]. In one grievance,

Plaintiff complains that he has "made it very clear since 8/25/2020" that he needs to file a report with the Asheville Police Department as the victim of a crime. [Id. at 16, 19].

The Court found on initial review that Plaintiff failed to state any claim for relief. [Doc. 8]. The Court found that Plaintiff's allegations were "too vague, disjointed, and conclusory to satisfy even the most basic pleading requirements." [Id. at 3]. The Court also noted that Plaintiff sued Defendants in their official capacities only, but he did "not allege that any official policy was the moving force behind any constitutional injury;" and, therefore, failed to state an official capacity claim against any Defendant. [Id. at 4]. Finally, the Court held that, even if Plaintiff had sued Defendants in their individual capacities, he nonetheless would have failed to state a claim for relief. [Id. at 4-5]. The Court allowed Plaintiff 30 days to file an amended Complaint to properly state a claim for relief. [Id. at 6].

On December 18, 2023, Plaintiff timely filed an Amended Complaint. [Doc. 9]. In his Amended Complaint, Plaintiff names the same four Defendants and, except for Defendant Williams, again sues them in their official capacities only.[1] [Id. at 2-3]. Plaintiff alleges as follows. On August 9, 2021, Defendants Allman and Williams "assaulted" the Plaintiff and "stole his defense case file." From August 25, 2020 to the present, Plaintiff "continually requested legal calling and law library access" from Defendants Williams and Bacote and these Defendants denied both. [Id. at 5]. Finally, Plaintiff alleges "Sheriff criminal negligence," apparently related to Plaintiff's inability to file a police report "for laced rations/poisoned jail food." [Id.].

Plaintiff claims Defendants violated his rights under the Eighth and Fourteenth

---

[1] On the Complaint form, Plaintiff marked the "Official capacity" boxes only for Defendants Miller, Allman, and Bacote, leaving the "Individual capacity" boxes unmarked. [See Doc. 1 at 2-3]. Plaintiff failed to mark either box for Defendant Williams. [See id. at 3]. The Court will give Plaintiff the benefit of the very generous inference that he intended to sue Defendant Williams in both capacities.

2

Amendments, as well as N.C. Gen. Stat. §§ 14-33 and 14-72.[2]  [Id. at 3]. For injuries, Plaintiff states that his case file is "valued at over $1,000.00;" and that he suffered a fractured wrist, neuralgia, and liver damage and did not receive treatment.  [Id. at 5].  Plaintiff seeks monetary relief, including punitive damages.  [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff has again failed to state a claim for relief in his Amended Complaint.

---

[2] These are criminal statutes penalizing assault and larceny, respectively.

3

Despite the Court's admonishment, Plaintiff again sues Defendants in their official capacities only. The Court need not rehash the law on that issue here. [See Doc. 8 at 4]. To the extent Plaintiff also intended to sue Defendant Williams in his individual capacity, he has nonetheless failed to state a claim against him. Plaintiff alleges that Defendant Williams "assaulted" him and "stole his defense case file." As Plaintiff was previously advised, conclusory allegations, unsupported by specific allegations of material fact are not sufficient to state a claim for relief. See Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) ); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Bare claims of assault and theft are not enough.

As to Plaintiff's allegedly stolen defense case file, the Court examined Plaintiff's allegations under the First Amendment on initial review and determined that he failed to state a claim for relief based on the denial of access to the courts. Plaintiff fairs no better with his Amended Complaint. That is, Plaintiff again fails to allege having suffered any prejudice with respect to contemplated or existing litigation as a result of this lost file. See Lewis v. Casey, 518 U.S. 343, 349 (1996). Moreover, Plaintiff has failed to state a due process claim based on the deprivation of his personal property because he has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property.").

Plaintiff also again alleges that Defendant Williams and Bacote have denied Plaintiff "legal calling" and library access since August 25, 2020. The Court already addressed these allegations

4

on initial review of Plaintiff's original Complaint [see Doc. 8 at 5] and found them insufficient. Plaintiff alleges nothing new here. Plaintiff also alleges that the Sheriff, presumably Defendant Miller, was criminally negligent because Plaintiff has been unable to file a criminal complaint. This claim also fails initial review. It is vague, conclusory, and Plaintiff fails to allege any personal participation by Defendant Miller in any event. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Moreover, § 1983 does not provide relief for negligence.

As to Plaintiff's purported claims under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed without prejudice as to Plaintiff raising them in state court.

As such, Plaintiff has failed to state any claim for relief in his Amended Complaint. The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend his complaint and he has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020). The Court need not allow another round of amendment where Plaintiff has evinced no intention to heed or follow the Court's orders or instructions and such amendment would be futile.

**IV.    CONCLUSION**

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

5

Case 1:23-cv-00298-KDB   Document 10   Filed 12/21/23   Page 5 of 6

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 9] is **DISMISSED WITH PREJUDICE**.

The Clerk is instructed to terminate this action.

Signed: December 20, 2023

Kenneth D. Bell
United States District Judge